UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dantwan A. Wilson, | ) | C/A No. 0:17-1196-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Willie Eagleton, Warden; Edward Bittinger, DHO Officer; Addison Waddell, Correctional Officer; Fritz Ford, Captain; Pamela Oliver, Counsel Substitute; Ms. Duressa Roberts, Caseworker/Classification | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff is an inmate with the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He brings that action pursuant to 42 U.S.C. § 1983 alleging various claims against the defendants and seeking money damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The defendants filed motions for summary judgment. On January 18 and 19, 2018, orders were issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying the plaintiff of the summary dismissal procedure and possible consequences if the plaintiff failed to adequately respond to the motions for summary judgment. The plaintiff did not respond to the defendants' motions.

On March 1, 2018, the Magistrate Judge issued another order (ECF No. 53) advising the plaintiff that it appeared to the court that he was not opposing the motions, that he wished to abandon the action, and allowing the plaintiff an additional 14 days in which to file his response to the defendants' motions. The plaintiff was specifically warned that if he failed to respond, the action would be recommended for dismissal with prejudice for failure to prosecution. *Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)*; Fed. R. Civ. P. 41(b). Despite this second warning, the plaintiff still did not respond.

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 21, 2018 (ECF No. 56). However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time to respond to the court's orders and the defendants' motions yet the plaintiff has failed to do so. A review of the docket reveals that the plaintiff has not notified the Clerk of any address change, nor has any mail been returned to the Clerk from the U.S. Postmaster.

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b).

The Clerk is directed to terminate all pending motions in this case.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 22, 2018
Columbia, South Carolina